IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41276
Summary Calendar
_____

STEVEN DAILLE,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal
Justice, Institutional Division

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CV-603
- - - - - - - - - -

December 17, 1998

Before KING, GARWOOD, and SMITH, Circuit Judges.

PER CURIAM:[*]

Steven Daille, Texas prisoner no. 623089, appeals the

district court's denial of his habeas corpus petition.  The

district court correctly determined that Daille was not entitled

to mandatory supervised release.  See TEX. GOV'T. CODE ANN.

§ 508.149(a)(5)(formerly TEX. CRIM. PRO. CODE ANN. art. 42.18

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 8(c)(4)). Liberal construction of Daille's habeas petition and other pleadings indicates that he also raised issues regarding his eligibility for and/or entitlement to parole.

We granted COA, limited to the issues (1) whether Daille raised an argument pursuant to Tex. Govt. Code Ann. § 508.145(d) (formerly Tex. Crim Pro. Code. Ann. 42.18 § 8(b)(3)); (2) whether Daille's brief may be read to allege a violation of the Ex Post Facto Clause; (3) whether any such violation was asserted in the district court; and (4) whether such violation may provide grounds for relief.

Respondent has filed a brief admitting that Daille raises an argument under Tex. Govt. Code Ann. § 508.145(d) and that he asserts an Ex Post Facto Clause argument. Respondent asserts that Daille did not raise this issue in the district court, that the claims are unexhausted, that exhaustion would be procedurally barred, and that Daille is not entitled to relief on the merits.

We pretermit the issues whether Daille raised his Ex Post Facto Clause argument before the district court and whether the claim is exhausted. Assuming, arguendo, that the argument is properly before this court, Daille is not entitled to relief. Section 508.145(d) of the Tex. Govt. Code Ann. and its predacessor, Tex. Crim Pro. Code. Ann. 42.18 § 8(b)(3), concern a prisoner's eligibility for parole. Daille is and has been eligible for parole since 1993. Daille thus cannot demonstrate that he has been adversely affected by changes in the parole law made subsequent to his conviction.

AFFIRMED.